IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ROLANDO GONZALEZ<br>a/k/a "ROLLO"<br>a/k/a "ROLO" | : | NO.  11-410-01 |
| EUCLIDES GONZALEZ<br>a/k/a "CLIDE" | : | -02 |

**DuBOIS, J.**                                                                                                  September 22, 2011

**M E M O R A N D U M**

**I.    INTRODUCTION**

On July 27, 2011, a grand jury returned a three-count Indictment against co-defendants Rolando and Euclides Gonzalez.[1]  The Indictment charges the defendants as follows:

Count I: As to both Rolando Gonzalez and Euclides Gonzalez: Conspiring to knowingly and intentionally distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846;

Count II: As to Euclides Gonzalez only: Knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

Count III: As to Euclides Gonzalez only: Knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance,

---

[1] The Indictment arises from what the government alleges was defendants' role in an extensive drug trafficking scheme.  Several other individuals also allegedly involved in that scheme have been charged in another case, United States v. Nelson Rodriguez et al., Criminal No. 11-251, currently pending before this Court.

1

within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 860(a).

On July 28, 2011, Magistrate Judge Timothy Rice granted the government's motion for three-day temporary detention as to both defendants. On August 1, 2011, counsel for the government presented evidence in support of pretrial detention at a hearing before Magistrate Judge David R. Strawbridge. After hearing argument from the government and counsel for both defendants, Magistrate Judge Strawbridge ordered both defendants detained.

Presently before the Court are Rolando Gonzalez's Motion for Review and Revocation of August 1, 2011, Detention Order and Euclides Gonzalez's Motion for Review and Revocation of Detention Order.[2] The Court conducted a hearing on defendants' motions on September 7, 2011. At the hearing, the Court admitted into evidence the transcripts of the July 28, 2011, and August 1, 2011, hearings before Magistrate Judges Rice and Strawbridge and the Bail Report prepared by the United States Pretrial Services Office. The government also presented evidence by attorney proffer and introduced documentary evidence and video recordings of defendants' alleged conduct. At the conclusion of the hearing, the Court denied both defendants' motions for review and revocation of detention order and issued an order to that effect. This Memorandum amplifies the bases for the Court's denial of defendants' motions.

## II.   LEGAL STANDARD

This Court has jurisdiction to review the magistrate judge's decisions under 18 U.S.C. § 3145(b). That section requires the Court to make a de novo determination of the magistrate judge's detention orders. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985). However, the reasons the magistrate judge articulated must be given "respectful consideration."

---

[2] Because the evidence that the government presented is substantially the same as to both defendants and because the motions are similar, the Court addresses both defendants' motions in one memorandum. Counsel for both defendants and the government agreed to this procedure at the September 7, 2011, hearing.

United States v. Suppa, 799 F.2d 115, 120 (3d Cir. 1986).  The transcript of the hearing before the magistrate judge may also be admitted into evidence in the hearing before the district court.  See United States v. Delker, 757 F.2d 1390, 1394-95, 1395 n.3 (3d Cir. 1985).

### III.    FINDINGS OF FACT

Having reviewed the submissions of the parties and the transcripts of the hearings before Magistrate Judges Rice and Strawbridge, and after conducting an evidentiary hearing on September 7, 2011, the Court makes the following findings of fact:

1. There is probable cause to believe that defendants Rolando and Euclides Gonzalez knowingly and intentionally conspired to distribute five or more kilograms of cocaine.

2. There is probable cause to believe that defendant Euclides Gonzalez knowingly and intentionally possessed with the intent to distribute five kilograms or more of cocaine and that he did so within 1,000 feet of a school.

3. There is probable cause to believe that defendants worked together to obtain over seventy-seven kilograms of cocaine from Nelson Rodriguez at a building at 3075 Jasper Street, Philadelphia, PA ("the Warehouse"), and returned to the Warehouse to deliver drug proceeds to Rodriguez.

4. In October 2010, agents from the Drug Enforcement Agency received reliable information that a drug trafficking group was distributing cocaine from the Warehouse, which is located less than one block from a public middle school.

5. Video surveillance showed that on January 20, 2011, a white station wagon entered the Warehouse and departed an hour later. Thereafter, significant vehicle and foot traffic entered and exited the Warehouse.  On January 21, 2011, defendants

Rolando and Euclides Gonzalez parked a vehicle outside the Warehouse and entered it. They departed carrying black trash bags that appeared to be half full. The next day, they returned to the Warehouse carrying bags and entered the Warehouse.

6. On February 11, 2011, defendant Rolando Gonzalez parked a maroon Jeep outside of the Warehouse. He entered the Warehouse and then exited a few minutes later carrying a large dark trash bag, which he placed in his vehicle before driving away. On February 12, 2011, defendant Rolando Gonzalez returned to the Warehouse, entered it empty-handed, and left shortly thereafter carrying an item in his left arm.

7. On March 2, 2011, defendant Rolando Gonzalez drove a white Toyota 4-Runner to the Warehouse. Also present were Nelson Rodriguez, Angel Ayala-Aponte, and Gribbin Ortiz, who were indicted as co-conspirators in the Rodriguez case currently pending before the Court. See supra n.1. Rodriguez arrived in a white pickup truck. Defendant Rolando Gonzalez left the Warehouse with a dark-colored trash bag that appeared to be half full, which he placed in his vehicle before driving away.

8. Later on March 2, 2011, both defendants returned to the Warehouse empty-handed. When they departed approximately fifteen minutes later, defendant Rolando Gonzalez was carrying a dark-colored trash bag that appeared to be half full.

9. On March 29, 2011, defendant Euclides Gonzalez drove an Acura sedan to the Warehouse. Telephone records revealed that he then called Nelson Rodriguez, who opened the door for defendant Euclides Gonzalez to drive the Acura into the Warehouse. Video recordings from inside the warehouse showed that defendant Euclides Gonzalez then met with Rodriguez and Ayala-Aponte. Defendant Euclides Gonzalez received nine

kilograms of cocaine in a black bag, which he placed into the trunk of his car before driving away.

10. DEA agents executed a search warrant for the Warehouse on March 29, 2011. They recovered what appears to be a ledger recording kilogram packages of cocaine next to names. Several entries in the ledger are for "Rolo," which is defendant Rolando Gonzalez's nickname. The "Rolo" entries include, inter alia, entries for: ten packages of cocaine on February 11, 2011; three packages of cocaine on February 12, 2011; and seven packages of cocaine on March 22, 2010. In total, the ledger suggests that defendants received at least seventy-seven kilograms of cocaine worth hundreds of thousands of dollars.

11. When DEA agents arrested defendant Rolando Gonzalez on July 27, 2011, he had two cell phones and approximately $5,800.00 in United States currency that was tied in rubber bands in a manner consistent with the packaging of drug proceeds. A drug detection dog gave a positive indication for the presence of drugs in the vehicle that defendant Rolando Gonzalez was driving at the time, which suggests that drugs were recently present in the vehicle even though none were recovered.

12. According to the Bail Report, on May 23, 1997, the Pennsylvania State Police charged defendant Euclides Gonzalez with unsworn falsification to authorities. He pled guilty and received a sentence of two years' probation. At the time of his arrest in this case, he possessed two driver's licenses, one of which contained false identification information. According to the Pretrial Services Officer, he has previously used two aliases, two social security numbers, and two dates of birth.

13. During his Pretrial Services interview, defendant Euclides Gonzalez denied owning a firearm, but the Bail Report discloses that he purchased a handgun on February 28, 2008.  His fiancée acknowledged that he keeps a handgun at their residence.

14. According to the Bail Report, the pending charges represent defendant Rolando Gonzalez's first contact with the criminal justice system.

15. The evidence against defendants is strong.  It includes both documents and video footage supporting the government's allegation that defendants played a role in an extensive drug trafficking scheme.

16. The nature of the charges against defendants and the fact that if convicted they will be incarcerated for a mandatory minimum term of ten years establish their danger to the community and increase the risk that defendants will not appear as required by the Court.

17. Defendants have substantial ties to the community.  They have resided in the Philadelphia area for an extensive period of time.  Defendant Rolando Gonzalez has lived in Philadelphia for almost thirty years.  He has four children, all of whom live at the home he shares with his fiancée, who is pregnant.  Defendant Euclides Gonzalez has lived in Philadelphia for almost fifteen years, and he has two children who reside at his home in Philadelphia with his fiancée.  Other members of defendants' immediate family also live in the city.

18. As part of his proposed conditions of pretrial release, defendant Euclides Gonzalez is willing to post his property in Philadelphia as collateral.  At the hearing on defendants' motions, counsel for defendant Rolando Gonzalez stated that his family

would be willing to post property located at 3146 Jasper Street in Philadelphia on his behalf.

19. Defendant Rolando Gonzalez was employed at Jordan Auto Sales in Philadelphia prior to 2009. Prior to that, he worked at Warminster Fiberglass Company for approximately eleven years. Defendants Euclides and Rolando Gonzalez both worked at R & G Motors, located at 3200 North Fifth Street in Philadelphia, before they were arrested. If released, both would continue to work at R & G Motors.

20. There is evidence of a link between the alleged drug trafficking scheme and R & G Motors. The following vehicles were registered to R & G Motors: the Toyota 4-Runner that defendant Rolando Gonzalez drove to and from the Warehouse on March 2, 2011; the white pickup truck that Nelson Rodriguez drove to the Warehouse on March 2, 2011; and the Acura sedan that defendant Euclides Gonzalez drove to and from the Warehouse on March 29, 2011.

## IV. CONCLUSIONS OF LAW

The Bail Reform Act, 18 U.S.C. § 3141 et seq., provides for pretrial detention only where a defendant poses a risk of flight or a danger to the community. The Act provides that where "there is probable cause to believe that [a defendant] committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

The Indictment charges both defendants with violating a provision of the Controlled Substances Act, 21 U.S.C. § 841(a)(1), by distributing more than five kilograms of cocaine.

Both defendants face a mandatory minimum ten-year term of imprisonment and a maximum term of life imprisonment if convicted. See 21 U.S.C. § 841(b). The rebuttable presumption of § 3142(e)(3)(A) thus applies so long as the Court finds probable cause to believe that the defendants committed the offenses with which they are charged in the Indictment.

An Indictment is "sufficient to support a finding of probable cause triggering the rebuttable presumption . . . under § 3142(e)." United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). Based on the Indictment and the Court's factual findings as stated above, the Court concludes that there is probable cause to believe that defendants Euclides and Rolando Gonzalez committed the offenses for which they are charged in the Indictment.

The presumption of § 3142(e) shifts to a defendant only the burden of producing evidence that he is neither a danger nor a flight risk; the burden of persuading the Court that a defendant is dangerous or will not appear for trial remains with the government. Id. To rebut the presumption of detention, a defendant "must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986) (emphasis added). Production of evidence relating to character, family ties, employment, and length of residence in the community may rebut the presumption that he poses a danger to the community. Id. at 561. To meet its burden of persuasion, the government must prove either by clear and convincing evidence that a defendant is a danger to the community or by a preponderance of the evidence that he poses a risk of flight if released pending trial. United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986).

In this case, the Court concludes that defendants Euclides and Rolando Gonzalez have rebutted the presumption of detention by producing some credible evidence that they will appear for trial and will not pose a danger to the community. This evidence includes their family and

8

community ties, employment history, minimal criminal history, and the possibility of posting property for bail.  See Carbone, 793 F.2d at 560.  However, the evidence provided by the government is strong and, in the judgment of the Court, outweighs defendants' evidence.  The Court thus concludes that the government has met its burden of demonstrating by clear and convincing evidence that defendants are a danger to the community and by a preponderance of the evidence that no condition or set of conditions can reasonably assure their appearance at further proceedings.

## V.     CONCLUSION

For the reasons stated above, Rolando Gonzalez's Motion for Review and Revocation of August 1, 2011, Detention Order and Euclides Gonzalez's Motion for Review and Revocation of Detention Order are denied.  The Court issued an Order dated September 7, 2011, denying both motions.